1  dates of the depositions, which was in advance of the thirty-day deadline. Fink Decl. ¶
2  14 Exs. B-D (Stossel, Ruppel, and Iwano Objections). Accordingly, ABC objected to
3  the requests for documents and things because they failed to provide adequate time to
4  respond. The depositions did not take place, and have not been re-noticed by Plaintiff.
5  *Id.* ¶ 15.

Thus, the only document requests at issue in this discovery dispute were procedurally defective. *See id.* ¶¶ 14-16.

## VIII. TRINITY: DISCOVERY SHOULD BE DENIED

Trinity incorporates by reference ABC's position as set forth above.

## IX. PLAINTIFF CONTENDS THAT HE MUST BE ALLOWED SUFFICIENT DISCOVERY BEFORE DEFENDANT'S ANTI-SLAPP MOTION WHICH IS THE SUBSTANTIVE EQUIVALENT OF A RULE 56 MOTION.

"While summary judgment motions need not be based on evidence outside the pleadings, they are often based on affidavits and other evidence. (Citations omitted). The Federal Rules discourage motions for summary judgment based on evidence outside the record until the nonmoving party has had the opportunity to conduct discovery." *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 981 (C.D. Cal., 1999).

In fact, the Supreme Court has held that a court is required to refuse the summary judgment application, "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Id.*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, (1986).

Likewise, Code of Civil Procedure §425.16(g) provides that,

> "The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision."

In *Lafayette Morehouse v. Chronicle Publishing*, (1995) 37 Cal.App.4th 855, 867-888, the court held that "the discovery stay and 30-day hearing requirement of Section 425.16 applied in all cases might well adversely implicate a plaintiff's due process rights …"

Citing *Lafayette*, the court in *Schroeder v. Irvine City Counsel*, (2002) 97 Cal.App.4th 174, also recognized that "the discovery stay and 30-day hearing requirement of §425.16, if literally applied in all cases, could adversely affect a plaintiff's due process rights by placing the burden on the plaintiff to show a prime facie case without permitting the collection of evidence needed to satisfy that burden, parituclarly where the principal source of evidence critical to establishing the prima facie case is in the possession of the defendant and not available from other sources." *Id.* at 190-191.

Evidence of Defendants' knowing and intentional false attribution of the self-condemnatory statement is "critical" to support Plaintiff's argument that the "gist" or "sting" of the Program intended by Defendants was that Plaintiff was engaged in corrupt and unethical conduct and that he was misappropriating money from his church, rather than Defendants' claim that the Program was simply about Plaintiff's wealth. This information is crucial to the Court's analysis as Defendants' malicious intent will reveal the true "gist" and "sting" of the Program.

## X. ABC: DENIAL OF DISCOVERY IN THIS CASE IS CONSISTENT WITH THE ANTI-SLAPP STATUTE AND RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE

As a preliminary matter, the narrow scope of ABC's Anti-SLAPP Motion fulfills the central purpose of the Anti-SLAPP Statute. *See Equilon Enters.*, 29 Cal. 4th at 65; Cal. Civ. Proc. § 425.16(a); *Paterno*, 163 Cal. App. 4th at 1349. ABC's motion is designed to dispose of this action at an early stage by specifically targeting only one issue, which can be resolved without the need for any formal discovery. As such, the parties need not (and should not) waste resources on discovery that will be completely moot if the Anti-SLAPP Motion is granted. ABC would have brought the motion much sooner had Plaintiff not delayed the proceedings by re-filing his complaint in New York, and then subsequently amended his complaint.

Moreover, a denial of discovery in this case is consistent with the express

1  discovery-related provisions of the Anti-SLAPP Statute and Rule 56. The Anti-SLAPP
2  Statute expressly mandates a stay of discovery until the court rules upon the Anti-
3  SLAPP Motion. Cal. Civ. Proc. Code § 425.16(g). The non-moving party may
4  overcome this discovery bar *only* if the non-moving party shows "good cause" that
5  certain discovery is essential to oppose the motion. *See id.*; *Paterno*, 163 Cal. App. 4th
6  at 1351; *Global Telemedia Int'l, Inc.*, 132 F. Supp. 2d at 1270-71; *New.net, Inc.*, 356 F.
7  Supp. 2d at 1101-02.

8  Rule 56 of the Federal Rules of Civil Procedure imposes a similar requirement to
9  the Anti-SLAPP Statute. Pursuant to Rule 56, a party opposing a motion for summary
10 judgment is entitled to a continuance in order to conduct discovery *only* if the opposing
11 party shows, by affidavit, that it "cannot present facts essential to justify its opposition."
12 Fed. R. Civ. Proc. 56(f); *New.net, Inc.*, 356 F. Supp. 2d at 1101 (analogizing requirement
13 in Rule 56(f) that discovery requested be "essential to justify its opposition" with
14 requirement in § 425.16(g) that "good cause" exist for discovery). Consistent with Rule
15 56(g), the United States Court of Appeals for the Ninth Circuit has held that the non-
16 moving party is entitled to discovery only upon a showing that the discovery sought
17 "would have revealed specific facts precluding summary judgment." *Tatum v. City &*
18 *County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (holding lower court
19 did not abuse discretion for denying a request for a continuance where plaintiff failed to
20 make requisite showing). Thus, §425.16(g) and Rule 56(f) clearly support the denial of
21 discovery in this case because the requested discovery is not essential for Plaintiff to
22 oppose the Anti-SLAPP Motion.

23 In light of the foregoing, Plaintiff's reliance on *Lafayette Morehouse, Inc. v.*
24 *Chronicle Publishing Co.*, apparently for the proposition that he needs discovery to
25 protect his due process rights, is erroneous. *See* Part X (Plaintiff's portion of Joint
26 Stipulation). Indeed, in *Paterno*, the California Court of Appeal explained that *Lafayette*
27 *Morehouse, Inc.* predates the 1997 amendment that provides for a broad interpretation of
28 the Anti-SLAPP Statute. *Paterno*, 163 Cal. App. 4th at 1351. Courts have since

1  "limited the reach of *Lafayette Morehouse's* language." *Id.* In any event, the court in
2  *Lafayette Morehouse, Inc.* granted an anti-SLAPP motion where the plaintiff failed to
3  meet his burden in establishing falsity. *Lafayette Morehouse, Inc. v. Chronicle Publ'g
4  Co.*, 37 Cal. App. 4th 855, 868-70 (1995).

5  In this case, no due process issue is implicated because Plaintiff already has
6  access to all the evidence he could possibly need to satisfy his burden of establishing
7  falsity. To permit Plaintiff discovery at this stage of the proceedings would only further
8  impinge upon the parties' resources and time, and undermine the fundamental goal of
9  the Anti-SLAPP Statute. Thus, discovery should be stayed pending resolution of the
10 Anti-SLAPP Motion.

## XI. TRINITY: DISCOVERY IS ROUTINELY STAYED PENDING AN ANTI-SLAPP MOTION

Trinity incorporates by reference ABC's position as set forth above.

## XII. PLAINTIFF'S CONCLUSION.

Based on the above, Plaintiff respectfully requests that the Court grant Plaintiff's requests for limited discovery.

## XIII. ABC: CONCLUSION

For the reasons set forth in ABC's portions of this Joint Stipulation, ABC respectfully requests that the Court deny Plaintiff's requests for deposition and written discovery pending resolution of ABC's Anti-SLAPP Motion.

## XIV. TRINITY: CONCLUSION.

Based on the foregoing as set forth in ABC's positions, which Trinity incorporates by reference, Trinity respectfully requests that this Court deny Price's requests for depositions and written discovery pending resolution of ABC's Anti-SLAPP Motion, which Trinity intends to join.

26  ///
27  ///
28  ///

171790.1

36

JOINT STIPULATION RE DISPUTE IN DISCOVERY MATTER

1 | Respectfully submitted,

2 | September 12, 2008          Glassman, Browning, Saltsman & Jacobs, Inc.

By: _____
Anthony Michael Glassman
Alexander Rufus-Isaacs
Richelle L. Kemler
Attorneys for Plaintiff

September    , 2008          White, O'Connor, Fink & Brenner, LLP

By: _____
David Fink
Attorneys for Defendants John Stossel; Glenn Ruppel; and American Broadcasting Companies, Inc.

September    , 2008          Lewis Brisbois Bisgaard & Smith

By:_____
William E. Pallares
Attorneys for Defendants Ole Anthony and Trinity Foundation, Inc.

1 | Respectfully submitted,

2 | September   , 2008      Glassman, Browning, Saltsman & Jacobs, Inc.

By: _____
   Anthony Michael Glassman
   Alexander Rufus-Isaacs
   Richelle L. Kemler
   Attorneys for Plaintiff

September 15, 2008      White, O'Connor, Fink & Brenner, LLP

By: /s/ David E. Fink
   David Fink
   Attorneys for Defendants John Stossel; Glenn Ruppel; and American Broadcasting Companies, Inc.

September   , 2008      Lewis Brisbois Bisgaard & Smith

By: _____
   William E. Pallares
   Attorneys for Defendants Ole Anthony and Trinity Foundation, Inc.

Respectfully submitted,

September   , 2008                Glassman, Browning, Saltsman & Jacobs, Inc.

                                  By: _____
                                      Anthony Michael Glassman
                                      Alexander Rufus-Isaacs
                                      Richelle L. Kemler
                                      Attorneys for Plaintiff

September   , 2008                White, O'Connor, Fink & Brenner, LLP

                                  By: _____
                                      David Fink
                                      Attorneys for Defendants John Stossel; Glenn
                                      Ruppel; and American Broadcasting
                                      Companies, Inc.

September 15, 2008                Lewis Brisbois Bisgaard & Smith

                                  By: _____
                                      William E. Pallares
                                      Attorneys for Defendants Ole Anthony
                                      and Trinity Foundation, Inc.