WHITE O'CONNOR FINK & BRENNER LLP
 Andrew M. White (STATE BAR NO. 60181)
 David E. Fink (STATE BAR NO. 169212)
 Allison S. Rohrer (STATE BAR NO. 224029)
 Tami Kameda (STATE BAR NO. 245628)
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
awhite@whiteo.com
dfink@whiteo.com
arohrer@whiteo.com
tkameda@whiteo.com

Attorneys for Defendants John Stossel; Glenn Ruppel; and American Broadcasting Companies, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DR. FREDERICK K.C. PRICE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JOHN STOSSEL, an individual, GLEN RUPPEL, an individual, AMERICAN BROADCASTING COMPANIES, INC., a Delaware corporation, OLE ANTHONY, an individual, and TRINITY FOUNDATION, INC., an entity, form unknown. <br><br> Defendants. | **CASE NO.** CV 08-3936 RGK (FFM) (The Honorable R. Gary Klausner) <br><br> **DECLARATION OF DAVID E. FINK IN SUPPORT OF ABC'S PORTIONS OF THE JOINT STIPULATION RE: DISCOVERY MATTER** <br><br> **DISCOVERY MATTER** <br><br> *[Rule 37-1 Joint Stipulation and Notice of Manual Filing filed concurrently herewith]* <br><br> Date Filed: June 17, 2008 <br><br> Trial Date: None Set <br><br> Discovery Cutoff Date: None Set |

230315.2.doc

DECLARATION OF DAVID FINK

I, David E. Fink, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner of White O'Connor Fink & Brenner LLP ("WOFB"), attorneys of record for Defendants John Stossel, Glenn Ruppel, and American Broadcasting Companies, Inc. (collectively, "ABC"). I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. Plaintiff Frederick K.C. Price ("Plaintiff") sued ABC along with Defendants Ole Anthony and Trinity Foundation, Inc. (collectively, "Trinity") for defamation and intentional infliction of emotional distress based on a news report regarding the fiscal transparency of religious organizations (the "News Report"). On March 23, 2007, the News Report was previewed on ABC's news program "Good Morning America" ("GMA") and later that evening, was shown in full on ABC's news program "20/20." ABC News Correspondent John Stossel presented the News Report. Attached hereto as Exhibit A is a CD containing true and correct copies of the News Report broadcast on "20/20" (Track 1) and "GMA" (Track 2).

3. The News Report was part of a larger story on "GMA" and "20/20" entitled "Enough." The "Enough" story showcased interviews with individuals who have taken personal, moral stances on a variety of topics.

4. Since the outset of this litigation, I and my colleagues at WOFB have performed research regarding the topic of the News Report: the fiscal transparency of religious organizations. We have learned that this topic has long attracted public attention. For instance, in around the 1970's and the 1980's, the federal government considered legislation to mandate financial disclosures by religious groups. Since that time, there have been numerous news articles regarding the financial transparency of religious organizations, there has been academic research on the issue, and watchdog groups have formed to monitor and lobby for fiscal

230315_2.DOC

1

DECLARATION OF DAVID FINK

transparency. We have further learned that the United States Senate is currently investigating the financial transparency and accountability of media-based ministries.

5. The New Report contained an audio-visual clip of Plaintiff, which was approximately nine seconds (09:00) in length. In the Clip, Plaintiff states, "I live in a 25-room mansion. I have my own $6 million yacht. I have my own private jet, and I have my own helicopter, and I have seven luxury automobiles'" (the "Clip"). Following ABC's broadcast of the News Report, Plaintiff demanded a retraction on the ground that, during the sermon shown on the Clip, Plaintiff was not literally talking about his own wealth, but that of a hypothetical person.

6. ABC timely broadcast a retraction on both "GMA" and "20/20." The retraction was approximately fifty-eight seconds (00:58) in length. In reference to the Clip, the retraction broadcast on "20/20" stated the following: "We thought Dr. Price . . . was talking about himself, but we later learned he was preaching a sermon about a hypothetical person who had many material possessions but lived a spiritually unfulfilled life. We'd used his quote out of context, and for that, we apologize to Dr. Price and the Crenshaw Christian Center. And we apologize to you if we misled you. Also, the Center sent us a statement saying Dr. Price is paid, quote, 'a salary commensurate with his duties' and that the church, quote, 'openly shares its financial information with its congregation." In addition to "20/20," ABC broadcast a substantively identical retraction on "GMA" and published a substantively identical retraction on ABC's website.

7. Plaintiff originally filed his complaint in the Los Angeles Superior Court. ABC and Trinity removed the action to the United States District Court for the Central District of California (the "Central District") on September 17, 2007. On October 15, 2007, the parties agreed to allow Plaintiff to dismiss his action, without prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, to allow the parties to pursue mediation without simultaneously having to file and

1  oppose ABC's special motion to strike Plaintiff's complaint (the "Anti-SLAPP
2  Motion") pursuant to section 425.16 of the California Code of Civil Procedure (the
3  "Anti-SLAPP Statute").

4      8.    Following an unsuccessful mediation with the Honorable Lourdes
5  Baird (Ret.), Plaintiff chose not to re-file his action in this Court. Instead, Plaintiff
6  filed a new complaint in the United States District Court for the Southern District of
7  New York (the "Southern District") on December 17, 2007. ABC moved to transfer
8  Plaintiff's new complaint back to the Central District pursuant to 28 U.S.C. § 1404.
9  In connection with the motion to transfer, ABC pointed out that Plaintiff had
10 admittedly re-filed his action in the Southern District to avoid California's Anti-
11 SLAPP Statute. On June 4, 2008, the Southern District granted ABC's motion to
12 transfer based on the following express finding:

13     Price's apparent – albeit unsuccessful – forum shopping leads the Court
    to conclude that it is in the interest of justice to transfer this case to the
14     state in which it originally commenced.

15 Docket Item No. 2, Judge Kram's Order, June 4, 2008.

16     9.    After this action was docketed back in this Court on June 17, 2008,
17 Plaintiff stated his intent to amend his complaint. As a courtesy to Plaintiff, and to
18 allow Defendants time to prepare their Anti-SLAPP Motions to address the new
19 complaint, the parties stipulated that Plaintiff could amend the complaint if
20 Defendants could have until September 22, 2008 to file the motion. On August 11,
21 2008, this Court entered an Order approving the parties' stipulation. Pursuant to
22 that Order, Plaintiff served his First Amended Complaint on August 13, 2008. In
23 turn, ABC will file its Anti-SLAPP Motion on or before September 22, 2008.

24     10.    ABC's Anti-SLAPP motion will be based upon the following
25 arguments:
26 / / /
27 / / /
28 / / /

1    (a)   The Anti-SLAPP Statute applies to this action because Plaintiff's claims arise from an "act" made in connection with a public issue or an issue of public interest, in furtherance of ABC's right of free speech under the United States or California Constitutions;

    (b)   Because Plaintiff is a public figure and the News Report focuses on a matter of public concern, Plaintiff bears the burden of proving falsity;

    (c)   Plaintiff cannot satisfy his burden to prove falsity as a matter of law because the alleged statements about which he complains (if made) were (1) true or substantially true, (2) not of and concerning Plaintiff, and/or (3) not provably false statements of fact;

    (d)   Plaintiff's claim for defamation by implication fails because Plaintiff's interpretation of the News Report is not reasonable as a matter of law; and

    (e)   Plaintiff's emotional distress claim fails for the same reasons as his defamation claim.

11.   Pursuant to Local Rule 7-3, ABC has met and conferred with Plaintiff in regard to the precise scope of the motion on numerous occasions. As recently as in or around early August 2008, ABC confirmed in discussions with Plaintiff's counsel that falsity would be the only issue addressed in the motion.

12.   ABC will proffer an abundance of evidence in support of its Anti-SLAPP Motion. Should the Court wish to view such evidence in connection with the instant discovery dispute, ABC will readily submit the evidence upon request.

13.   On July 31, 2008, Plaintiff noticed the depositions of (a) Defendant John Stossel (who presented the News Report), (b) Defendant Glenn Ruppel (who produced the News Report), and (c) ABC employee Ruth Iwano (who edited the News Report) for August 25, 26, and 27, respectively. In the deposition notices, Plaintiff further requested that Mr. Stossel, Mr. Ruppel, and Ms. Iwano produce documents on the date of their respective depositions.

14.     On August 19, 2008, ABC served objections to the deposition notices on the grounds that the depositions were premature and unnecessary in light of ABC's Anti-SLAPP Motion, to be filed on or before September 22, 2008. In addition, ABC served objections to the deposition notices on the grounds that the dates that Plaintiff set to respond to the production of documents violated Rule 34 of the Federal Rules of Civil Procedure. Attached hereto as Exhibits B-D are true and correct copies of ABC's objections to the depositions of Mr. Stossel, Mr. Ruppel, and Ms. Iwano.

15.     Pursuant to Local Rule 37-1, the parties met and conferred regarding the objections and the depositions did not take place. The depositions have not been re-noticed by Plaintiff.

16.     On July 31, 2008, Plaintiff also propounded document requests on ABC. ABC timely objected to those requests on September 4, 2008. Plaintiff has not initiated the Rule 37-1 meet and confer process regarding ABC's objections to those document requests.

17.     In connection with the mediation as well as its motion to transfer, ABC has provided Plaintiff with copies of the News Report broadcast on "20/20" and "GMA." ABC has further provided Plaintiff with copies of the "teasers" and "promos" that were broadcast in connection with the News Report.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 15, 2008, at Los Angeles, California.

By _____
David E. Fink

230315.2.doc

5

DECLARATION OF DAVID FINK