**EXHIBIT D**
**DECLARATION OF DAVID E. FINK**
**IN SUPPORT OF ABC'S PORTIONS OF THE JOINT STIPULATION**
**RE: DISCOVERY MATTER**

**EXHIBIT D**
**DECLARATION OF DAVID E. FINK**
**IN SUPPORT OF ABC'S PORTIONS OF THE JOINT STIPULATION**
**RE: DISCOVERY MATTER**

WHITE O'CONNOR FINK & BRENNER LLP
Andrew M. White (STATE BAR NO. 60181)
David E. Fink (STATE BAR NO. 169212)
Allison S. Rohrer (STATE BAR NO. 224029)
Tami Kameda (STATE BAR NO. 245628)
10100 Santa Monica Boulevard, Twenty-Third Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
awhite@whiteo.com
dfink@whiteo.com
arohrer@whiteo.com
tkameda@whiteo.com

Attorneys for John Stossel; Glenn Ruppel; American Broadcasting Companies, Inc.; and ABC, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

DR. FREDERICK K.C. PRICE, an individual,

Plaintiff,

v.

JOHN STOSSEL, an individual, GLENN RUPPEL, an individual, AMERICAN BROADCASTING COMPANIES, INC., a Delaware corporation, OLE ANTHONY, an individual, and TRINITY FOUNDATION, INC., and entity, form unknown,

Defendants.

CASE NO. CV-08-03936 RGK (FFMx)

(The Honorable R. Gary Klausner)

**OBJECTIONS TO THE NOTICE OF DEPOSITION OF RUTH IWANO**

Date: August 27, 2008
Time: 10:00 a.m.
Place: Fish & Richardson, 153 East 53rd St., New York, NY, 10022

Exhibit D



S: 8/19/08

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants John Stossel, Glenn Ruppel, American Broadcasting Companies, Inc., and ABC, Inc. (collectively, "ABC"), hereby respond and object to the Notice of Deposition ("Notice") served by Plaintiff Frederick K.C. Price ("Price"), for the deposition of Ruth Iwano to be conducted on August 27, 2008, at 10:00 a.m., at Fish & Richardson, 153 East 53rd St., New York, NY, 10022, as follows:

**OBJECTIONS TO NOTICE**

1. ABC objects to the Notice in its entirety because Price is not entitled to discovery in the face of ABC's motion to strike Price's first amended complaint pursuant to Section 425.16 of the California Code of Civil Procedure (the "Anti-SLAPP Motion").[1] ABC has made clear, on numerous occasions, including most recently the parties' "early meeting of counsel" on July 29, 2008, and their Joint Report on August 12, 2008, that Price will not be entitled to discovery prior to the resolution of its Anti-SLAPP Motion. On July 28, 2008, the parties agreed that ABC would have until September 22, 2008 to file the Anti-SLAPP Motion, in light of Price's intent to file an amended complaint. On August 11, 2008, the Court approved the parties' stipulation and briefing schedule for ABC's Anti-SLAPP Motion.

Price is simply not entitled to discovery prior to the resolution of the Anti-SLAPP Motion. ABC has repeatedly confirmed that the Anti-SLAPP Motion will be based upon Price's inability to establish the falsity of ABC's statements. Unless Price can meet his burden of establishing a probability of success on his claim of

---

[1] *See* Cal. Civ. Proc. Code § 425.16(g); *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005); *Global Telemedia Int'l, Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1270-71 (C.D. Cal. 2001); *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1112 (C.D. Cal. 2004); *Garment Workers Ctr. v. Super. Ct.*, 117 Cal. App. 4th 1156, 1162-63 (2004); Fed. R. Civ. Proc. 56(f); Fed. R. Civ. Proc. 26(b)(2)(C)(i).

falsity, Price's defamation and intentional infliction of emotional distress claims will be dismissed as a matter of law. ABC has met and conferred with Price on countless occasions regarding the Anti-SLAPP Motion and these narrow – and wholly dispositive – grounds. The parties further set a mutually acceptable date for the Anti-SLAPP Motion to be filed and served – on or before September 22, 2008. Since the Anti-SLAPP Motion will be premised primarily upon Price's inability to establish the element of falsity[2], Price does not need any discovery as to intent to oppose the Anti-SLAPP motion.

Price's claim for defamation by implication does not alter this conclusion. The threshold question on a claim for defamation by implication is whether a statement can reasonably be interpreted as a provably false assertion of fact. *See Rosenaur v. Scherer*, 88 Cal. App. 4th 260, 264 (2001). This threshold question must be decided as a matter of law. *Id.* Price's claim for defamation by implication fails because, inter alia, Price cannot demonstrate that the alleged implications are based upon provably false assertions of fact. Price's failure to satisfy this initial threshold issue warrants dismissal of his defamation claim. *See James v. San Jose Mercury News, Inc.*, 17 Cal. App. 4th 1, 20 (1993). As such, in ruling on the Anti-SLAPP Motion, the Court need not reach the factual issue of ABC's intent to convey the alleged implication (if any). Thus, Price does not need any discovery as to intent in order to oppose the Anti-SLAPP motion.

Accordingly, there is no discovery that is essential for Price's opposition to the Anti-SLAPP Motion. Under such circumstances, conducting discovery would needlessly waste the parties' and the Court's resources and time. More importantly, discovery prior to resolution of the Anti-SLAPP Motion would run afoul of the

---

[2] Truth is an absolute defense to Price's claims, and since Price is a public figure, he bears the burden to prove falsity of ABC's statements. *See Moyer v. Amador Valley J. Union High School Dist.*, 225 Cal. App. 3d 720, 725 n.2 (1990).

central purpose of the Anti-SLAPP statute, which is to provide for the early resolution of meritless actions brought to chill the valid exercise of the constitutional right of freedom of speech. Thus, Price is not entitled to discovery pending resolution of the Anti-SLAPP Motion.

2. ABC further objects to the Notice because the accompanying requests for documents and things described in Attachment "A" are untimely. Pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure, a deposition notice may be accompanied by a Rule 34 request for production of documents. Rule 34, however, requires that written discovery requests be made thirty (30) days prior to the date responses are due. As such, ABC objects to the requests for documents and things because it does not provide adequate time to respond.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

Exhibit D

Page 25

3. ABC further objects to the Notice because it is set for a date upon which the witness and ABC's counsel are unavailable. Price made no attempt to meet and confer regarding the scheduling of the deposition prior to serving the Notice. ABC's counsel had mentioned to Price that its firm retreat would take place in Las Vegas, Nevada, at the end of the last week in August. In addition, scheduling the deposition of Ruth Iwano, an extremely busy out of state witness, requires the coordination of many schedules. Accordingly, even if Price is entitled to discovery (he is not), the deposition date will need to be continued.

DATED: August 19, 2008

WHITE O'CONNOR FINK & BRENNER LLP
Andrew M. White
David E. Fink
Allison S. Rohrer
Tami Kameda

By [signature]
David E. Fink
Attorneys for John Stossel; Glenn Ruppel; American Broadcasting Companies, Inc.; and ABC, Inc.

Exhibit D
Page 26

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On August 19, 2008, I served a true copy of the document described as **OBJECTIONS TO THE NOTICE OF DEPOSITION OF RUTH IWANO** on the interested parties in this action as follows:

Anthony Michael Glassman, Esq.
Richelle Kemler, Esq.
Glassman, Browning, Saltsman & Jacobs, Inc.
360 North Bedford Drive, Suite 204
Beverly Hills, CA 90210-5157

☒ **BY HAND:** I placed a true and correct copy thereof in a sealed envelope and instructed U.S. Legal Management Services, Inc. to hand deliver said envelope to the address noted above.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 19, 2008, at Los Angeles, California.

Karen M. Tjaden

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Twenty-Third Floor, Los Angeles, California 90067-4008.

On August 19, 2008, I served a true copy of the document described as **OBJECTIONS TO THE NOTICE OF DEPOSITION OF RUTH IWANO** on the interested parties in this action as follows:

William Edward Pallares
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street
12th Floor
Los Angeles, CA 90012

☒ **BY MAIL:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with White O'Connor Fink & Brenner's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 19, 2008, at Los Angeles, California.

Karen M. Tjaden

Exhibit D

Page 28