# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-03936-RGK (FFMx) | Date | February 25, 2009 |
|---|---|---|---|
| Title | DR. FREDERICK PRICE v. JOHN STOSSEL, et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re Defendants' Motion for Attorneys' Fees (DE 89)

## I.  FACTUAL BACKGROUND

On November 21, 2009, the Court granted a special motion to strike filed by Defendants John Stossel, Glenn Ruppel, and American Broadcasting Companies, Inc. (collectively, "Defendants").[1] Defendants sought dismissal of Plaintiff Dr. Frederick K.C. Price's ("Plaintiff") Complaint, pursuant to section 425.16 of the California Code of Civil Procedure ("Anti-SLAPP Statute").

Defendants now seek an award of attorneys fees and costs pursuant to section 425.16(c) of the Anti-SLAPP Statute. For the following reasons, the Court awards Defendants attorneys fees and costs in the amount of $170,865.50.

## II.  JUDICIAL STANDARD

A defendant who prevails on a special motion to strike, pursuant to Cal. Code Civ. Proc. 425.16(b), shall be entitled to recover his or her attorneys' fees. Cal. Code Civ. Proc. 425.16(c). To calculate a reasonable attorneys fees award, the Court uses the lodestar adjustment method. *Ketchum v. Moses,* 24 Cal.4th 1122, 1131 (2001). In California, the determination of fees ordinarily begins with the lodestar method, i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. *PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084, 1095 (2000). "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id.* "In referring to '*reasonable*' compensation . . . courts must carefully

---

[1] Defendants Ole Anthony and Trinity Foundation, Inc. joined in the Motion to Strike. Therefore, the dismissal of the complaint applied to those defendants as well. However, the current motion has been made only by the defendants listed above.

review attorney documentation of hours expended; padding in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum,* 24 Cal.4th at 1132 (emphasis in original).

An award of attorneys' fees to a prevailing defendant "is usually mandatory." *Christian Research Institute v. Alnor,* 165 Cal. App. 4th 1315, 1321 (2008). However, in enacting the attorneys' fees statute, the California Legislature "did not intend recovery of fees and costs as a windfall." *Christian Research Institute v. Alnor,* 165 Cal. App.4th 1315, 1321 (2008); *see also Olsen v. Harbison,* 134 Cal. App.4th 278, 283 (2005) (noting that anti-SLAPP procedures, enacted to curb abusive litigation, are also prone to abuse.). "This section authorizes the court to make an award of reasonable attorneys fees to a prevailing defendant which will adequately compensate the defendant for the expense of responding to a baseless lawsuit." *Dove Audio v. Rosenfeld,* 47 Cal. App.4th 777, 785 (1996). Thus, the "court [is] not bound by the amount sought by defendants and ha[s] discretion to award them a lesser sum." *Robertson v. Rodriguez,* 36 Cal. App. 4th 347, 362 (1995).

### III.   DISCUSSION

In their motion, Defendants request attorneys' fees and costs in the amount of $350,692.78. This amount consists of $340,692.78 for time spent in connection with the Anti-SLAPP motion, and $10,000 for time spent in connection with the current Motion for Attorneys' Fees and Costs.

To calculate attorneys fees, the Court begins with a lodestar figure. The Court calculates this figure based on reasonable hours spent, multiplied by the prevailing hourly rate for private attorneys in the community conducting similar litigation. *PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). It is well established that the determination of reasonable attorneys fees is committed to the discretion of the trial court, and the value of legal services performed in a case is a matter in which the trial court has its own expertise. *Id*. at 1096 (citation omitted).

#### A.   Attorneys Fees and Costs in Connection with the Anti-SLAPP Motion

The hourly rates charged by Defense counsel are as follows: (1) Andrew White (Partner): $455/hour; (2) David Fink (Partner): $315/hour; (3) Allison Rohrer (Senior Associate): $200/hour; (4) Tami Kameda (Junior Associate): $170/hour; and (5) Sara Kambestad (Paralegal): $100/hour. Relative to the prevailing rates of private attorneys in the same field of practice, within similarly sized firms in the Los Angeles area, the Court finds Defense Counsel's billable rates reasonable.

As to hours spent, Defendants claim a total of 1,422.7 hours[2] in connection to the Anti-SLAPP Motion. Generally, the attorney fee provision under the Anti-SLAPP statute applies only to the motion to strike, and not to the entire action. *S.B. Beach Properties v. Berti*, 39 Cal. 4th 374, 381 (2006). In reviewing the documentation provided by Defendants, the Court has determined that 662.6 hours of the total hours claimed relate to matters not directly related to the motion to strike. Those matters primarily include review, research, preparation and filing of pleadings and a motion to transfer.

"To the extent a trial court is concerned that a particular award is excessive, it has broad discretion to adjust the fee downward or deny an unreasonable fee altogether." *Ketchem*, 24 Cal. 4th at 1138. Because the Court finds that the number of hours charged in connection with the Anti-SLAPP motion is excessive, the Court uses its broad discretion to adjust downward. The Court determines that 760.1 hours is a reasonable number of hours expended in connection with the Anti-SLAPP motion.

---

[2] The breakdown of hours is: (1) Mr. White: 164 hours; (2) Mr. Fink: 297.9 hours; (3) Ms. Rohrer: 544.4 hours; (4) Ms. Kameda: 287.6 hours; and (5) Ms. Kanbestad: 128.8 hours. (Fink Decl., ¶ 39.)

Deducting the non-Anti-SLAPP hours, the Court determines the loadstar amount to be $165,865.50.[3] Furthermore, in light of the nature and complexity of this case, the Court finds this amount to be reasonable. Therefore, no further adjustments are warranted.

### B.     Attorneys Fees and Costs in Connection with the Current Motion

Under California law, "an award of fees may include . . . the fees incurred in enforcing the right to mandatory fees under the Code of Civil Procedure section 425.16." *Ketchum*, 24 Cal. 4th at 1141.

In their request, Defendants do not specify the number of hours spent on the current motion, and the individuals who billed time in connection with the motion. Defendants simply state that, while they have incurred approximately $15,000 in attorneys' fees for the motion, and anticipate incurring an additional $4,000 in connection with the reply and $35 in costs (Fink Decl., ¶ 41), they seek only $10,000.

Considering the nature of this motion, and without further information from Defendants, the Court, in its discretion, determines that $5,000 in attorneys fees and costs is reasonable.

### IV.    CONCLUSION

For the reasons stated above, the Court **grants** Defendants' Motion for Attorneys' Fees and Costs in the amount of $170,865.50. .

**IT IS SO ORDERED.**

|                      |         | :  | N/A |
|----------------------|---------|----|-----|
|                      | Initials of Preparer | | YRL |

---

[3] The Court arrived at this figure by deducting from the amount requested, the dollar amount calculated by multiplying the non-Anti-SLAPP hours by the billing rates of the individuals who billed those hours.