NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DR. FREDERICK K.C. PRICE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN STOSSEL, an individual, GLENN RUPPEL, an individual, AMERICAN BROADCASTING COMPANIES, INC., a Delaware corporation, OLE ANTHONY, an individual, and TRINITY FOUNDATION, INC., an entity, form unknown,<br><br>Defendants. | CASE NO. CV-08-03936 RGK (FFMx)<br><br>(The Honorable R. Gary Klausner)<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER]**<br><br>[Fed. R. Civ. P. 26(c); L.R. 7-1]<br><br>The Honorable Frederick F. Mumm<br><br>(U.S. Magistrate Judge)<br><br>Discovery Cutoff Date:  April 1, 2011<br>Trial Date:  June 28, 2011 |

**PROTECTIVE ORDER**

Plaintiff Frederick K.C. Price ("Plaintiff"), Defendants John Stossel, Glenn Ruppel, and American Broadcasting Companies, Inc. (collectively, "ABC"); and Defendants Ole Anthony and Trinity Foundation, Inc. (collectively, "Trinity"); through their counsel of record, hereby stipulate to and jointly request that the Court enter a Protective Order as follows:

/ / /

/ / /

/ / /

263427.4.doc

A. <u>Confidential Information.</u> Writings (as that term is defined in Rule 1001 of the Federal Rules of Evidence) produced in discovery by any party to this litigation, and/or by third parties in response to document or deposition subpoenas, may be designated in whole or in part by any party or third party as "CONFIDENTIAL," pursuant to this Protective Order if such writings contain trade secret information, personal financial information, personal address or telephone information, or other information over which the producing party has a reasonable expectation of privacy, secrecy or confidentiality, provided that any third party making such designation agrees to be bound by the terms of this Protective Order. Additionally, any party or third party witness may, for the same reasons, designate deposition testimony as "CONFIDENTIAL" stating on the record that a deposition or portion thereof shall be treated as confidential, or may make such designation sometime thereafter, provided that any third party making such designation agrees to be bound by the terms of this Protective Order. Writings designated as "CONFIDENTIAL" and/or testimony designated as "CONFIDENTIAL," and all information derived therefrom, shall be treated as "Confidential Information" pursuant to the provisions set forth below, for the purposes of discovery and the filing of non-dispositive and case-dispositive motions.

B. <u>Subject Matter of Confidential Information.</u> "Confidential Information" includes the following three categories of information: (1) communications regarding the investigation, preparation and production of news reports; (2) material gathered, collected and created in the course of investigating and preparing news reports; and (3) information identified as private, such as financial information, financial account numbers, personal information related to Plaintiff's claim for damages, and home addresses. All of these categories include private and/or confidential information. For each of the first two (2) categories identified above, such documents may be marked "CONFIDENTIAL" if the marking or requesting party reasonably believes: (1) the information contains

confidential proprietary information; or (2) disclosure of such commercially sensitive information could reasonably harm competitive advantage, or foster a competitive disadvantage; or (3) the disclosure of such confidential information could impair or disrupt its business.

    C.    <u>Designation of Confidential Information.</u>  All copies and each page of writings or deposition testimony containing Confidential Information must be marked "CONFIDENTIAL."

        1.    If a party wishes to designate testimony or an exhibit as "CONFIDENTIAL" during the course of a deposition in this action, it shall do so by stating such designation on the record.

        2.    The "CONFIDENTIAL" designation shall constitute a representation by counsel for the party or third party making the designation that the designated writings or deposition testimony constitute Confidential Information as set forth in paragraphs A and B of this Protective Order.

        3.    A party or third party that inadvertently fails to mark an item as "CONFIDENTIAL" shall have ten (10) days after the discovery of the inadvertent production to so mark the item, except that with respect to all items produced but not publicly filed prior to the entry of this Protective Order, such items may be designated as "CONFIDENTIAL" within fifteen (15) days of the entry of the Protective Order and from such time will be treated as Confidential Information pursuant to this Protective Order.  Such designation and notice thereof shall be made in writing, accompanied by substitute copies of any documents marked as "CONFIDENTIAL."

    D.    <u>Objection to Designation of Confidential Information.</u>  If any party objects to the designation of any writing or deposition testimony as Confidential Information, and the objection cannot be resolved by agreement of counsel, the writing or deposition testimony shall be treated as Confidential Information and subject to this Protective order, unless otherwise ordered by the Court upon motion

made by the objecting party pursuant to the applicable rules of procedure.  The party designating writings or deposition testimony as Confidential Information shall bear that burden of proof on any such motion.

  E. <u>Disclosure of Confidential Information.</u>  Subject to the further conditions imposed by this Protective Order, Confidential Information may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons and only for the purposes of and as is necessary for this litigation and shall not be used for any other purpose whatsoever:

  1. The Parties, and each of his or her or its agents and employees.

  2. Counsel for the parties and their support employees, all of whom shall be deemed bound by the terms of this Protective Order upon counsel's signature.

  3. A court reporter transcribing any proceeding in this action and that person's support employees.

  4. The Court and its support employees.

  5. Consulting experts or expert witnesses who agree to be bound by the terms of this Protective Order, and the expert's support employees, who shall be deemed bound by the terms of this Protective Order upon their employer's signature.

  6. Witnesses or potential witnesses related to this action in proceedings before this Court, including depositions, provided, however, such witnesses may not be given a copy of any Confidential Information and may only be shown Confidential Information.  Confidential Information may be attached as a deposition exhibit provided that no witness retains a copy of a deposition transcript that includes Confidential Information.

  7. A mediator, arbitrator, or other settlement officer who renders service in this action, and that persons' support employees.

        8.       Such other persons as the Parties may agree or the Court may order.

    F.    <u>Acknowledgement Regarding Confidential Information.</u>  Prior to the disclosure of any Confidential Information to any individual described in paragraphs E(5)-(8), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide a copy of this Protective Order, and shall cause the individual to execute, on a second copy which counsel shall thereafter retain, the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing Protective Order.  I have read the Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information."
>
> Dated:               /s/

    G.    <u>Return of Confidential Information.</u>  Upon the termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the producing party, except that counsel shall be entitled to retain one copy of all documents produced, copies of all pleadings, briefs, declarations or other papers filed with the Court, all material which constitutes work product and such memoranda embodying Confidential Information to the extent necessary to preserve a file in this matter, so long as such materials are maintained in accordance with the provisions hereof, during and after the pendency of this litigation.  All Confidential Information disclosed to any person or party pursuant to any provision hereof also shall be returned as set forth above.

    H.    <u>Subpoena or Request for Confidential Information.</u>  If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to opposing counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required~~, and shall object to the request or~~

~~subpoena on the grounds of this Protective Order so as~~ **(FFM)** to afford opposing counsel an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information.  **Nothing herein shall be construed as limiting the obligation of any party to comply with any subpoena or other court process. Any relief from complying with any such subpoena or other court process must be obtained from the issuing court.  (FFM)**

  I. <u>Submission of Confidential Information to the Court.</u>  To the extent the submission of Confidential Information to the Court is necessary, the Parties shall proceed according to the procedures set forth in Local Rule 79-5 of United States District Court for the Central District.  Consistent with Local Rule 79-5, the party seeking to submit the Confidential Information shall submit an application, a proposed order, and the Confidential Information for filing under seal, and may file the Confidential Information under seal only if the Court so orders.

  J. <u>Limitations of Protective Order.</u>  Notwithstanding any other provision herein, and without prejudice to the right of any person to seek any additional protective order or modification of this Protective Order, this Protective Order is not intended to be and shall not be construed as (1) a ruling on the admissibility of any Confidential Information; (2) a waiver of any objection to the production or use of any Confidential Information on grounds of privacy, relevance, confidentiality, privilege, undue burden, authenticity, foundation, admissibility or otherwise; (3) a ruling requiring the production of any Confidential Information; (4) a limitation on the right of any party to disclose Confidential Information to any person who authored the Confidential Information.

/ / /
/ / /
/ / /
/ / /

1   K. <u>Additional Protective Order(s).</u>  This Protective Order shall be without
2 prejudice to the right of the parties to this litigation to present a motion to the Court
3 for a separate protective order or for modification of this Protective Order pursuant
4 to the applicable rules of procedure.

DATED: January 21, 2011

<u>/S/ FREDERICK F. MUMM</u>

_____
Frederick F. Mumm
U.S. Magistrate Judge